NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CRESTRON ELECTRONICS, INC., | : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : | **OPINION** |
| v. | : : | Civ. No. 10-cv-860 (DMC) (JAD) |
| LUTRON ELECTRONICS CO., INC., | : : : |  |
| Defendant. | : : |  |

DENNIS M. CAVANAUGH U.S.D.J.:

This matter comes before the Court upon motion of Defendant Lutron Electronics Co., Inc. ("Lutron"). Lutron moves to dismiss this case, or alternatively to transfer this case to the United States District Court for the District of Utah where a related action is pending, or to stay this case pending resolution of the Utah action. Plaintiff Crestron Electronics, Inc. ("Crestron") opposes the motion, and contends that this action may be maintained in New Jersey notwithstanding the Utah action.

Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, Lutron's motion to transfer is **granted,** and this matter will be transferred to the United States District Court for the District of Utah, Central Division.

## I. BACKGROUND

This matter, as well as a matter pending in the United States District Court for the District of Utah, concern the infringement/validity of patents owned by Lutron.

1. Lutron's (Utah) Complaint

On August 10, 2009, Lutron sued Crestron and three Crestron distributors in the United States District Court for the District of Utah for infringement of three Lutron patents—U.S. Patents 5,982,103 (the "'103 patent"), 5,905,442 (the "'442 patent") and 5,949,200 (the "'200 patent"). As to the '103 patent, Lutron asserted that:

> Defendants have infringed and/or contributed to the infringement of the '103 patent by making, selling and/or offering for sale within the United States, products that fall within the scope of one or more of the claims of the '103 patent, by way of example only, at least their wireless dimmers, keypads, controllers and transceivers.

On January 14, 2010, Crestron answered, asserting that Crestron has "not infringed, [is] not now infringing, and [is] not now threatening to infringe the '103 patent," and filed a compulsory counterclaim seeking a declaratory judgment from the Utah District Court that Crestron's products do not infringe the '103 patent and that the '103 patent is invalid. Specifically, with respect to the '103 patent, Crestron asserted that "[t]he claims of United States Patent No. 5,982,103 are invalid for failing to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112" and that "Crestron has not infringed, either directly, contributorily, or by inducement, the claims of United Patent No. 5,982,103, either literally or under the doctrine of equivalents."

On January 15, 2010, one day after filing its Answer, Crestron moved to transfer the Utah action to the District of New Jersey.  On April 13, 2010, Magistrate Judge Brook Wells denied

Creston's motion to transfer. On April 27, 2010, Crestron appealed the Order of Judge Wells. On May 24, 2010, The Honorable Dee Benson, U.S.D.J., affirmed Judge Wells' Order.

### 2. Crestron's Complaint

On February 18, 2010, after the Utah suit had been commenced, Crestron filed this action seeking a declaratory judgment that Crestron's EX Products, "a new line of wireless wall switches and dimmers," do not infringe the '103 patent and that the '103 patent is invalid. Crestron asserts that it "has not infringed, and is not infringing the '103 Patent in connection with the new Crestron EX Products" and "that every claim of the '103 patent is invalid."

* * * * *

On March 13, 2010, Lutron moved to dismiss, transfer or stay the New Jersey action that is pending before this Court.

## II. APPLICABLE LAW

Under the first-to-file rule, "when two actions involving the same subject matter are pending, the first-filed action should proceed to the exclusion of the later-filed action." Intervet, Inc. v. Merial Ltd., 655 F. Supp. 2d 131, 133 (D.D.C. 2009) (citation omitted). The first-to-file rule provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988). The doctrine embodies the "policy of comity" that "counsel[s] trial judges to exercise their discretion by enjoining subsequent prosecution of similar cases . . . in different federal courts." Id. (citations omitted). "The general rule . . . is that 'as a principle of sound judicial administration, the first suit should have priority,' absent special circumstances." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989) (citations omitted); see also Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir.

1993), abrogated on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995). Accordingly, a later-filed case barred by the rule must be dismissed, stayed or transferred. Allianz Life Ins. Co. of N. Am. v. Estate of Bleich, 2008 U.S. Dist. LEXIS 90720, at *7 (D.N.J. Nov. 6, 2008).

For the first-to-file rule to apply, the subject matter of the two cases must "substantially overlap." Siemens Fin. Servs. v. Open Advantage M.R.I. II L.P., 2008 U.S. Dist. LEXIS 15623, at *10 (D.N.J. Feb. 29, 2008); Nature's Benefit, Inc. v. NFI, 2007 U.S. Dist. LEXIS 62871, at *8 (D.N.J. Aug. 27, 2007) (citing Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997)). The issues and parties involved, however, need not be identical. Maximum Human Performance, Inc. v. Dymatize Enters., 2009 U.S. Dist. LEXIS 76994, at *7 (D.N.J. Aug. 27, 2009) (collecting cases).

Although adherence to the first-to-file rule is the rule and not the exception, under certain conditions a departure from the rule may be warranted, such as where there is a showing of: (1) rare or extraordinary circumstances; (2) inequitable conduct; (3) bad faith; (4) forum shopping; (5) where the later-filed action has developed further than the first-filed action; and (6) when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum. Maximum Human Performance, 2009 U.S. Dist. LEXIS 76994, at *8 (internal citations omitted). The plaintiff in the later-filed action, however, "bears the burden of showing that special circumstances should bar [the rule's] application." Id.

When considering a motion that invokes "the first filed rule, a court must take into account the same factors as those used in a Title 28, United States Code, Section 1404(a) transfer motion." Nature's Benefit, Inc. v. NFI, 2007 U.S. Dist. LEXIS 62871, at *8 (D.N.J. Aug. 27, 2007) (citing Ontel Prods., Inc. v. Project Strategies Corp., 899 F.Supp. 1144, 1153 (S.D.N.Y. 1995). The factors

are dividied into categories of private and public interests.

> The private interests include: (1) the plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests include: (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public polices of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. If the factors balance in favor of the first to file rule, then a court may properly dismiss, stay or transfer the second-filed action to avoid duplicative litigation under its "inherent power." Id.

### III. DISCUSSION

Crestron moves to dismiss, stay or transfer this matter pursuant to the first-to-file rule. This Court, therefore, must determine **(A)** whether the Complaints filed by Lutron and Crestron in the District Courts of Utah and New Jersey, respectively, substantially overlap, **(B)** whether circumstances exist such that the first-to-file rule should not be applied, and **(C)** whether the private/public interest factors (i.e., those relied upon in a 1404(a) transfer motion), dictate against transfer.

**A. The Complaints Substantially Overlap**

Lutron asserts that the two Complaints overlap for several reasons. First, Lutron asserts that the two actions concern the same patent(s). In the "Utah action [Lutron] asserts that Crestron infringes the '103 patent," and Crestron responds that the '103 patent is invalid and that it has "not

infringed, [is] not now infringing, and [is] not now threatening to infringe the '103 patent." There, as in this action, Crestron seeks a declaratory judgment that the '103 patent is invalid and not infringed by Crestron's products. Second, Lutron asserts that the actions involve the same products. In the Utah action Lutron asserts that the '103 patent is infringed by Crestron's products, including "at least their wireless dimmers, keypads, controllers and transceivers." Lutron, then, asserts that this allegation of infringement must necessarily be read to cover Crestron's new EX Product line of wireless wall switches and dimmers. Third, Lutron asserts that both actions involve the same parties—Lutron and Crestron.

Crestron's response focuses primarily on Lutron's second assertion: that the products in this case are different. Crestron contends that the subject matter of the New Jersey suit—Crestron's new "EX" line of products—was not within the scope of the earlier action. Specifically, Crestron asserts that the EX product line did not exist at the time the earlier (Utah) suit was filed, and that the earlier suit, therefore, could not have encompassed the EX products. Accordingly, then, Crestron argues that simply because Lutron's Utah Complaint broadly alleged infringement by all of Crestron's wireless dimmers, keypads, controllers and transceivers, the allegations should not be read to cover the distinct and subsequently developed EX product line.[1]

Although the Court agrees with Crestron that the products covered by the two suits are not identical, the Complaints nonetheless substantially overlap. "The applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align" and "the principles underlying the rule support its application where the subject matter of the later filed case

---

[1] Moreover, Crestron asserts that it did not put its EX product line in issue in the Utah counterclaim, because the counterclaim only pertained to products existing at the time of Lutron's Complaint, not subsequently developed/marketed products.

substantially overlaps with that of the earlier one." Villari Brandes & Kline, P.C. v. Plainfield Speciality Holdings II, Inc., 2009 U.S. Dist. LEXIS 54198, *18 (E.D. Pa. June 26, 2009). Here, regardless of whether Creston's EX line of products could have infringed the '103 patent at the time the Utah Complaint was filed,[2] this Court nonetheless finds that the two Complaints substantially overlap.

The Court finds two analogous cases to be particularly instructive. In Transcore, L.P. v. Mark Iv Indus. Corp., there were two related patent actions pending in Delaware and Pennsylvania, and Mark moved to have the Pennsylvania case transferred to Delaware. 2009 U.S. Dist. LEXIS 96599, at *10 (E.D. Pa. Oct. 15, 2009). The Court explained that "[a]ll three of the patents at issue in the Delaware Action [brought by Mark] relate to certain TransCore vehicle toll and tracking technology products." Id. at *8. In the Pennsylvania Action, TransCore sought a declaratory judgment of non-infringement and invalidity regarding four Mark patents—the three patents asserted by Mark in the Delaware Action, as well as a related patent not asserted in the Delaware Action. Id. at *9-10. The Court determined that the "case should be transferred even though it is not a mirror image of the Delaware Action, insofar as it ostensibly involves one more patent than the Delaware Action, and the Delaware Action involves additional TransCore-related Entities not formally involved in the current Pennsylvania action." Id. at *11-12.[3] Accordingly, the fact that the exact patents/patent claims were not involved in both cases did not prevent the cases from "substantially overlapping."

---

[2] E..g., by making, using or selling the allegedly infringing EX products.

[3] Mark named TransCore as well as seven other defendants, all of which were subsidiaries and/or related entities of TransCore. Id. at *8-9.

Similarly, in Nartron Corp. v. Quantum Research Group, Ltd., the Court found that the fact that one of two pending cases was broader in scope did not prevent the two cases from "substantially overlapping" for the purpose of the first-to-file rule. 473 F. Supp. 2d. 790, 796 (E.D. Mich. 2007). It explained that: "[a]s to the similarity of the issues, both cases involve requests for declaratory relief. Although the [first] action is more comprehensive in that it involves more patents, both actions call into question the [relevant] patent and [the plaintiff's] rights thereunder."[4]

As in the Transcore and Nartron cases, this Court finds that the subject matter of the cases here substantially overlap. In particular, both cases concern the infringement and validity of the '103 patent, relate to the same types of products and involve the same key parties

.

### B. There are No Circumstances Which Prevent Application of the First-to-File Rule

Having determined that Lutron's Complaint is properly considered the first-filed Complaint, the Court next must determine if there are circumstances justifying a departure from application of the first-to-file rule. Cretron asserts that such circumstances exist, namely: (1) "Lutron should never have brought this case in Utah in the first place, as the headquarters for both Crestron and Lutron are in the backyard of this Court," and (2) "any Lutron Utah allegation that every future Crestron wireless dimmer infringes this patent would have been made in bad faith" as "Lutron knew nothing of the new Crestron EX Products at that time."

As to Crestron's first argument, this Court does not find that Lutron acted improperly in filing

---

[4] The facts here are analogous to those in Transcore and Nartron, and are clearly distinct from cases such as Garmin Ltd. v. TomTom, Inc. where "the actions involve separate unrelated patents" and "the outcome of [one] action will not determine the outcome" of the other. 2007 U.S. Dist. LEXIS 15214, at *7 (E.D. Tex. Mar. 5, 2007). Here, in contrast, the continuing validity of the operative patent could be affected by both the Utah and New Jersey action.

suit in Utah. In fact, in the time since this motion was fully briefed, the Utah District Court has ruled on Crestron's motion to transfer the case to New Jersey. Magistrate Judge Wells (as affirmed by Judge Benson), determined that the case would not be transferred to the District of New Jersey. Judge Wells explained, "contrary to Crestron's arguments, the sale of some product is not [Lutron's] only connection to this forum [i.e., Utah]. Lutron has already litigated two cases in this District regarding patents that are at issue in the instant matter . . .[and] much of Lutron's documents and physical evidence [is] already in Utah due to the previous litigation." Moreover, the Utah Court noted that there was no advantage with respect to the accessibility of witnesses or the congestion of the Districts' respective dockets. As such, the Utah Court determined that transfer was inappropriate and that the matter would remain in Utah.

Second, as to Crestron's argument that EX products could not fall within the scope of Lutron's initial Utah Complaint, this Court cannot agree with Crestron that this prevents application of the first-to-file rule. This Court agrees that a party asserting patent infringement may not simply assert that "every future Crestron wireless dimmer infringes the '103 patent," without a justifiable basis for the allegation. That said, the products that form the basis for both suits are still closely related. (In fact, Lutron asserts that the EX line was apparently designed so as to avoid the '103 patent.) Even if Lutron's Utah Complaint was overbroad—an issue which this Court need not consider[5]—the two pending actions are still substantially similar in fact: if maintained separately, the actions between the parties would require both Courts to construe the same patents and consider

---

[5] In an extreme case, improperly broad allegations in a Complaint may constitute grounds for avoiding application of the first-to-file rule. There is no evidence before this Court suggesting that the Utah Complaint was drafted for some impermissible reason, e.g., bad faith. See Maximum Human Performance, 2009 U.S. Dist. LEXIS 76994, at *8.

the same technologies. Permitting a new action, involving the same parties and patents, would not serve the goal of judicial efficiency sought by the first-to-file rule.

### C. Private/Public Interest Factors Support Application of the First-to-File Rule

Finally, this Court finds that the private/public interest factors (as applied in a 1404(a) transfer motion), do not dictate against transfer.

For many of the same reasons discussed above, see Sections II and III.B, supra, this matter will be transferred to Utah. In its decision declining to transfer the Utah matter to this Court, the District Court in Utah explained why the choice of Utah as a forum should not be disturbed. See also Nature's Benefit, Inc. v. NFI, 2007 U.S. Dist. LEXIS 62871, at *33. In additional to the reasons discussed therein, "judicial economy, as well as financial economy, which are the underpinnings of the first to file rule, are better served by transferring the civil action at bar." Id.; see Maximum Human Performance, 2009 U.S. Dist. LEXIS 76994, at *20-23.

### IV. CONCLUSION

For the reasons stated, this matter will be transferred to the United States District Court for the District of Utah, Central Division.

                                                   S/ Dennis M. Cavanaugh
                                                   Dennis M. Cavanaugh, U.S.D.J.

Date:          August __2__, 2010
Orig.:         Clerk
cc:            All Counsel of Record
                Hon. Joseph A. Dickson, U.S.M.J.
                File